BY THE COURT.
If the defendant has a right to plead nil ■debet, he has no right to plead that and nul tiel record also. They .■are inconsistent pleas, and the court, on motion, will put the defendant to his election, and strike one of the pleas out; but the demurrer raises the simple question, whether nil debet is a good plea in debt on a justice’s judgment in this state?
In the case of the Silver Lake Bank v. Hardin, 5 O. 546, the •court determined such a plea good in debt upon the judgment of a justice in Pennsylvania, but expressly gave as the reason for it, that it was so held in that state. It has not been so held as to justices’ judgments in Ohio.
*By our law, justices of the peace are required to keep a [429 •docket, in which they shall make fair and accurate entries of all •suits before them, with their proceedings thereon. This docket is .a public book and goes to the successor of the justice as belonging to the office. A scire facias, which only acts upon a record, issues upon it; and a certiorari brings up only a transcript of it for review, as copies of records are removed upon a writ of error. The justice takes recognizances, which is an acknowledgment of record •of a debt, and he has power to'fine and imprison; 29 O. L. 171, 2. Blackstone defines a court of record to be “ that where the acts and judicial proceedings are enrolled on parchment, for a perpetual memorial and testimony; which rolls are called the records of the •court; and are of such high and supereminent authority, that their truth is not to be called in question;” 3 Bl. C. 24. In this state we may define a court of record to be one, the history of whose proceedings is perpetuated in writing. We have no parchment or roll, but a book of records of paper, in which alone our judicial proceedings are preserved; 29 O. L. 76, 86. If the justice’s docket ■does not show a substantial foundation for his judgment, it is reversed on a writ of certiorari — if the Common Pleas do not show 'in their record the same authority for its judgment, that is reversed ■on a writ of error. The judgments of both courts, while unreversed, are equally conclusive as to the subjects adjudicated upon. For all purposes connected with the question now before the court we hold both to be courts of record, and the plea of nil debet to ■debt upon the judgment of either, to be bad on demurrer. Nil debet is admitted a good plea in all cases upon simple contract, and in eases where a specialty or record is mere inducement to the facts •on which a recover-y is sought: but where the fact is the inducement, and the specialty or record the foundation of the suit, nil debet is not a good plea; Ld. Ray. R. 1500; Strange 778. Under *440 this plea the defendant may give in evidence any matter which goes; to show that he did not owe the plaintiff anything when the suit was commenced. The judgment of the justice here is the foundation of the suit, not mere inducement; the duly certified transcript of the docket entry proves itself, and is conclusive of the subject. No evidence can be admitted to impeach its accuracy. The demurrer is sustained.
Durr, for the defendant,
objected the variance. The judgment declared upon is one for $198.40, and forty-seven and a half cents-costs.
The cause then came to a hearing before the court on nul tiel record. The plaintiff offered the justice’s transcript showing a judgment for $198.40, and twelve and a half cents costs.
430] *BY THE COURT. The objection is fatal to the admission-of the transcript on the first count. The second count, however, only describes the amount recovered independent of the costs. As to that count there is no variance, and the transcrijit is admitted.
Judgment for the plaintiff.
[Justice’s Court, a court of record ; State v. Daily, 14 O. 91, 98 ; Wilson v. Wickersham, 3 W. L. M. 621, 625. His judgments, therefore, conclusive; Stockwell v. Coleman, 10 O. S. 33, 40. Though without evidence and whether process is presumed ; 3 W. L. M. 621, 626.]