21 650
f138 455

## LANKFORD vs. JACKSON ET AL.

1. A court will never permit its process to be improperly used, to work injustice or oppression; but if such use be made of it, the court will, by virtue of its power over its officers, suitors and counsel, rectify the abuse, and restore to the injured party that of which he has been deprived by their fraud, negligence or misconduct.

2. The sheriff should not sell property levied on under *fi. fa.* for a merely nominal sum, (as where land worth $1000 was sold for $6,) but should retain the levy and return the *fi. fa.*, stating the facts; but if he disregards his duty and sells the land for a nominal price, the court, on timely application, will set aside the sale.

ERROR to the Circuit Court of Cherokee.

Tried before the Hon. GEORGE GOLDTHWAITE.

MOTION by the plaintiff in error to quash an execution, and set aside a sale of land made under it by the sheriff. The land was proved to be worth $1000, and was purchased at the sale, by the attorney of the plaintiff in execution, for $6.

WHITE & PARSONS, for plaintiff in error:

The sale should have been set aside. It was the duty of the sheriff, to return the *fi. fa.* stating the levy, and that the land was "not sold for want of bidders." Powell v. Governor, 9 Ala. 39; Watson on Sheriffs, 190; Keightley v. Birch, 3 Campbell, 521; Leader v. Danvers, 1 Bos. & Pull., 359. The case of Lee v. Davis, in 16 Ala., does not preclude this argument.

J. B. MARTIN and S. F. RICE, *contra:*

To authorize a sale of land under execution to be set aside, there must have been, at the time of sale, fraud, irregularity or mistake prejudicial to the rights of the party who makes the motion. Mobile Cotton Press v. Moore & Magee, 9 Porter 679; Drane & Smelser v. Henderson, 15 Ala. 423. Inadequacy of price is not a sufficient reason for setting aside the sale; especially since the enactment of our redemption law, which prevents a high price. Powell v. Governor, 13 Ala. 516; 6 Watts 140; Litt. Select Cases 256; 3 Monroe 273; 5 Howard's (Miss.) R. 253.

In those cases where sales have been set aside, because the plaintiff's attorney became the purchaser, it was shown that the attorney had controlled the execution and managed the sale; this was not shown here. It is settled in this State, that an attorney, administrator or agent may purchase on his own account, provided the sale be free from fraud. Lee v. Davis, 16 Ala. 516.

There was a judgment with proper parties, in full force, on which the plaintiff had a right to issue execution to enforce its collection, unless arrested by defendant; and the execution being regular on its face, the sheriff was bound to obey its mandate, by proceeding to execute it. Cogburn & Powell v.

Spence, 15 Ala. 549; Bibb v. Powers, 7 ib. 658; 7 Metcalf 257; 8 ib. 102; 4 Taunt. 631.

No decree of final discharge in bankruptcy had been rendered at the time of this levy and sale, and it could not then be known that such decree would ever be rendered; the sale, then, was regular and the title passed to the purchaser, 17 Ala. 344; 7 ib. 958. The subsequent quashing of the execution and setting aside of the levy, will not affect the title of the purchaser, unless he had notice of the irregularity when he purchased: which is impossible here, the decree of final discharge having been rendered *after* the sale. Chambers v. Stone, 9 Ala. 260; Nuchols v. Mahone, 15 ib. 212.

The irregularity which will authorize the setting aside of a sale on motion, must exist at the time of the sale. McCollum v. Hubbert, 13 Ala. 289; 15 ib. 214.

The defendant in the execution might have protected himself by an injunction, which would have secured both parties. See Moseley v. Steele & Metcalf, 7 Ala. 299, which is decisive of this. Failing to enjoin, is a want of reasonable diligence, and bars his motion. Johnson v. Johnson, 5 Ala. 97, and cases there cited.

CHILTON, C. J.—This was a motion by Lankford to quash an execution, and set aside a sale made under it, of a certain tract of land, by the sheriff.

It appears, that the judgment under which the land was sold, was rendered on the 12th May, 1840, and the sale was made in April, 1843; that Lankford filed his petition in bankruptcy on the 16th May, 1842, was declared a bankrupt by the decree of the District Court in November of that year, and finally discharged on the 18th May, 1843. The land was purchased between the decree declaring him a bankrupt and his final discharge, and was levied upon and sold, as his property, for the sum of six dollars, and purchased by the attorney of record of Jackson, the plaintiff in execution. The land is proved to have been worth at the time of the sale one thousand dollars, and it is stated in the bill of exceptions that on the day of sale, "it was talked of and generally understood that the said defendant in the execution had filed his petition in bankruptcy."

The Circuit Court quashed the execution, and refused to set aside the sale, and this refusal to vacate the sale is the matter we are called on to revise.

We pass by the consideration of the question, whether it was the duty of the court, after having held the process irregular, to have proceeded and placed the parties in *statu quo*, by ordering the deed to be canceled and the sale vacated, unless it had been shown that this could not have been done, by reason of some change in the condition of the parties, predicated upon the validity of the sale; as for example, valuable improvements made by the purchaser, or a sale and conveyance to another person, as upon a redemption by a judgment creditor, &c. We prefer to rest our decision upon another ground, which is this: The land was worth one thousand dollars; it sold for six dollars only. Ought the court to hold such a sale valid? A court will never lend its process, or permit it to be improperly used to work injustice or oppression, but if such use be made of it, the court will, by virtue of its power over its officers, suitors and counsel, rectify the abuse and restore to the party injured that of which he has been deprived, either by the fraud, negligence or misconduct of its officers.

In the case before us, a valuable tract of land is sold by the officer of the court, under irregular process of the court, for a mere nominal sum—six dollars—a sum, perhaps, which is not sufficient to pay the cost or expense of levying upon, advertising and selling it. Under such circumstances, we do not hesitate to hold the sale to be invalid, and that it was the duty of the sheriff to have returned the execution, levied on the land which remained unsold for the want of bidders. To hold otherwise would be, in our opinion, to sanction the grossest injustice. This view is sustained by the adjudged cases, as well as the elementary writers. Keightley v. Birch, 3 Campbell 520; Leader v. Danvers, 1 Bos. & Pul. 359. See also Powell v. The Governor, 9 Ala. 39.

Mr. Watson says: "Although goods are put up to sale by public auction, yet if they are sold for much below their real value, the sheriff is liable to an action; for in such case he should wait for a *venditioni exponas.*" Watson on Sheriffs, 188.

Mr. Sewell, in his treatise on the Law of Sheriffs, says: "If a very inadequate price be offered for the goods, the sheriff should not sell them, but should return that they remain on his hands for want of buyers, and wait till he has been served with a *venditioni exponas*, under which he will be obliged to sell them for whatever price may be offered;" citing the case of Keightley v. Birch, *supra*, and Barrard v. Lee, 1 Stark. Rep. 51. See also remarks of Lord Ellenborough in 9 East 298.

It is manifest that no general rule can be laid down defining the cases in which the court will interpose in this summary way. One thing, however, is certain, the sheriff upon a *fieri facias* should not sell the property levied on by him for a merely nominal sum, whether the property consists of personal goods or real estate, but should retain the levy, and return the *fi. fa.*, stating the facts. If, however, he does so disregard his duty as to sell property worth one thousand dollars for six, whereby the plaintiff gets nothing upon his debt, and the defendant is despoiled of his goods, or deprived of the title to his land, the court, on timely application, should hold the sale invalid, and order restitution to be made.

Let the judgment be reversed, and the cause remanded, that proceedings may be had in conformity to the principles above declared.