## DANIEL vs. MODAWELL.

1. When the deputy sheriff becomes the purchaser of lands sold under execution at an undervalue, after having himself forbid the sale at the instance of the defendant in execution, the sale will be set aside on motion of the plaintiff in execution, if application is made in proper time.

2. But when the application is not made until after the expiration of more than four years from the time of sale, the plaintiff having neglected to avail himself of the ordinary and accessible means of information within his reach, and in the meantime the land has passed into the possession of sub-purchasers for

valuable consideration, who have received conveyances and made valuable improvements, the motion comes too late.

3. The plaintiff's ignorance of the fact that the sale was forbidden by the deputy sheriff who became the purchaser, does not excuse his *laches* in failing to make the motion to set aside the sale within a reasonable time, when he was apprised of other circumstances which were sufficient to put him upon inquiry.

ERROR to the Circuit Court of Marengo.

Tried before the Hon. A. B. MOORE.

MOTION to set aside a sale of land under execution. The motion was made by the plaintiff in the execution, who is also plaintiff in error, and the purchaser at the sale was made defendant. The facts of the case appear in the opinion.

W. M. BYRD, and WATTS, JUDGE & JACKSON, for plaintiff in error:

1. A sale of land by a sheriff will be set aside for the misrepresentation or fraud of a purchaser. McCollum v. Herbert & Caple, 13 Ala. 291.

2. The representation made by Modawell, the purchaser at the sale, that the sale was forbid, on the ground that Moore, the defendant in execution, claimed it as a homestead under the statute, was a fraud on the plaintiff in execution, which he deposes he never learned until since the last term of the court, and this is not denied by defendant; and this case is therefore within the principles laid down in the case of McCollum v. Herbert & Caple, as to the time in which the motion should be made.

3. The facts further show, that Modawell, the purchaser, although he forbid the sale on the grounds stated, afterwards actually sold the land—one part of it to the wife of Moore, the defendant in execution, and the other to the sheriff Leseuer, which shows that he forbid the sale for the purpose of speculation, and not in good faith.

4. Under the facts as stated in the affidavits in this cause, it is clear that the motion should have been granted, if it has been made as soon as the plaintiff could have done it, and he deposes that he never knew the circumstances under which the land was sold until since the last term of the Circuit Court, and this is not denied. Mobile Cotton Press v. Moore

& McGehee, 9 Porter 692; Abercrombie v. Connor, 10 Ala. 293; 6 Ala. 221; Lee v. Davis et al., 16 Ala. 516.

5. We rely on fraud in this case, in connection with inadequacy of price, as the ground upon which this sale should be set aside as against the purchaser, and it is no objection that he has re-sold, for this motion, if granted, cannot affect the rights of *bona fide* purchasers from Modawall; and unless this sale is set aside, we cannot enforce our lien in equity for the purchase money of said land, as it has once been sold to satisfy a judgment rendered on a note given for the purchase money.

6. As fraud is the main ground upon which we seek to set aside this sale, the plaintiff could not have made the motion earlier, as he was not apprised of the fraud until since the preceding court, and he made the motion to the first court after it came to his knowledge.

WILLIAM M. BROOKS, *contra:*

1. The motion to set aside the sale comes too late. It should have been made at the next term of the court after the sale, or some sufficient excuse have been shown for the neglect. Herbert v. McCollum, 6 Ala. 225; Abercrombie v. Connor, 10 Ala. 293. No excuse is shown. The plaintiff and defendant resided in the same village where the land was situated. He knew of the sale, and acquiesced in it for four years and five months, thereby forfeiting the statutory right of redemption.

2. The proper parties have not been made. All the persons whose rights or interests might be affected by the action of the court should be before it. Before the motion was made, Modawell had sold and conveyed a part of the land to one Lesueur, and a part to Elizabeth Moore, and they had taken possession. And Mrs. Moore sold her part of the land to one John Wade, who had made valuable improvements thereon and paid part of the purchase money. Neither Lesueur, Wade, Mrs. Moore, or the sheriff had any notice of this motion. When a stranger buys, the sale will not be set aside without notice to the purchaser. Chambers v. Stone & Pope, 9 Ala. 260; Nuchols v. Mahone, 15 Ala. 215. The object of the motion is to bring in question the validity of

the acts of the sheriff. He should therefore have been made a party.

3. Where a *bona fide* purchaser has paid his money, obtained a deed, and taken possession of the land, the motion should be overruled. 9 Ala. 260; 13 Ala. 292.

4. Modawell was not acting as deputy of the sheriff in any matter pertaining to the sale of the land.

5. The land is variously estimated to have been worth from $600 to $1200, but the wife and family were entitled to retain four hundred dollars worth of it as a homestead; and Trippe held a prior mortgage upon which was due upward of $1600 principal, besides the interest; and at the time the motion was made, a suit in ejectment was pending by the mortgagees against Modwell to recover the land. Under the circumstances, the land was well sold. It brought more than it was worth. The plaintiff in execution has not been injured.

6. The sale cannot be set aside on motion to the court. The vendees cannot be deprived of their property, except by due course of law. This summary mode is unconstitutional. 3 Howard Miss.

GOLDTHWAITE, J.—This was a motion made by the plaintiff in execution against the purchaser, to set aside a sale of land sold by the sheriff.

The case as presented by the record shows, that, at the sale of the land, in relation to which the motion was made, the purchaser, at the instance of the defendant in execution, forbid the sale; that he then became the purchaser himself, at a price greatly below its real value; and that at the time, although the sale was not made by him, he was the acting and recognized deputy of the sheriff. Under these circumstances, if the application had been made in time, and was not influenced by the other facts disclosed by the affidavits, which are made part of the record, we entertain no doubt that the sale should have been set aside. For the deputy sheriff to forbid the sale, and then to become the purchaser at an undervalue, is enough to bring it within the principle of the cases adjudicated in this court. Mobile Cotton Press v. Moore, 9 Port. 692; Abercrombie v. Connor, 10 Ala. 293; McCollum v. Herbert, 13 Ala. 291; Lee v. Davis, 16 Ala

516; Henderson v. Sublett, 21 Ala. 626; Lankford v. Jackson, 21 Ala. 650.

But it also appears, that the sale was made in 1848, and the application to set it aside was not made until more than four years thereafter; that the purchaser had taken possession, and had sold his interest to third persons, for valuable consideration, to one of whom, he had executed a deed of conveyance for a portion of the lands, which purchaser had again re-sold, and the second purchaser, after paying a portion of the purchase money, had gone into possession and made valuable improvements. It is true that the plaintiff in error alleges, as a reason for failing to make the application at an earlier period, that he was not apprised of the fact that the sale was forbid by the purchaser; but he knew of the sale—he knew who was the purchaser, and as he himself had been the owner of the land, and resided at or near the place where it was situated, he must also have known what the land was worth, and that the price at which it was bid off was greatly under its real value. These circumstances were sufficient to put him on his inquiry; and had he exercised that degree of vigilance which a person of ordinary prudence would have used in relation to his own affairs, as the sale was a public one, he might easily have informed himself of all the particulars which attended it. We do not think that, where the party in interest has neglected for more than four years to avail himself of the ordinary and accessible means of information within his reach, and other interests in the property have sprung up, (Lankford v. Jackson, *supra,*) that he should then be allowed to set aside the sale; at least in this summary way; and for these reasons are of the opinion that the motion was properly repudiated.

The judgment is consequently affirmed.