## STEWART vs. STOKES.

[BILL IN EQUITY BY PURCHASER TO OBTAIN TITLE TO LAND.]

1. *Sheriff's power and duty in executing conveyance to purchaser.*—The power of a sheriff to sell land under execution, to receive the purchase-money, and to execute a conveyance to the purchaser, is not a mere naked power, but a power coupled with a trust, which it is his duty to execute ; and this trust does not become extinct by his death before the execution of a conveyance to the purchaser, after he has received the purchase-money and made due return of the execution.

2. *Equitable relief against accident.*—The death of a sheriff, after he had received the purchase-money of land sold at execution sale, and had made due return of the execution, but before he had executed a deed to the purchaser, is an accident against which a court of equity will relieve, at the instance of the purchaser or a sub-purchaser, by decreeing a divestiture of the title out of the defendant in execution.

3. *Laches explained.*—In such case, relief will not be refused on account of the laches of the purchaser or sub-purchaser, when it appears that the defendant in execution knew and acquiesced in the claim and exercise of ownership by the purchaser, until after the latter, having sold the land to another, had removed with all his property beyond the limits of the State.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Charles Stewart, for the purpose of obtaining from the defendant, John Stokes, a divestiture of the legal title to a tract of land, which the complainant had purchased from one Willis B. Stokes, who had previously purchased it at sheriff's sale under execution against said John Stokes, his father; and to

enjoin the said John Stokes from cutting and hauling away timber from the land. The land was held by said John Stokes under patent from the United States, and was sold under execution against him by the sheriff of Greene county, on the 16th May, 1842. The bill alleged, that Willis B. Stokes, who became the purchaser at the sheriff's sale, was at that time residing with his father on the land; that he paid the entire purchase-money to the sheriff, entered upon and claimed the land, by virtue of his purchase, with the knowledge and acquiescence of his father, the said defendant in execution, and continued to cut timber and exercise other acts of ownership until January, 1854, when he sold and conveyed the land to the complainant, and afterwards removed with all his property beyond the limits of the State; that the complainant paid the entire purchase-money due under his contract, received a conveyance from his vendor, took possession of the land under his purchase, and continued to exercise acts of ownership up to the filing of the bill; that the sheriff, on receiving payment of the purchase-money from said Willis B. Stokes, made due return of the execution, and promised to execute a deed for the land to said Willis; and that he died in October, 1848, without having ever complied with his said promise.

The chancellor sustained a demurrer to the bill, for want of equity; and his decree is now assigned as error.

WEBB & INGE, for the appellant.

S. F. HALE, *contra.*

RICE, C. J.—The power of the sheriff, in this State, under *fieri facias,* to sell land, receive the purchase-money, endorse the sale and receipt of the purchase-money on the *fieri facias,* and execute a conveyance to the purchaser, is not a mere naked power, but a power coupled with a trust. It is a power which it is the duty of the sheriff to execute; made his duty *by law,* which has given him an interest extensive enough to enable him to discharge it. It is not given to him as a mere power, but as a trust and duty which he ought to fulfill; "and his

omission to do so, by accident or design, ought not to disappoint " the object for which the power in the nature of a trust was conferred by the law. This case is in its nature similar to that class of cases, "where trusts, or powers in the nature of trusts, are required to be executed by the trustee in favor of particular persons, and they fail of being so executed by casualty or accident. In all such cases, (as stated by Judge Story,) equity will interpose, and grant equitable relief."—1 Story's Eq. Jur. § 98; Gibbs v. Marsh, 2 Metc. 243; Withers v. Yeadon, 1 Rich. Eq. R. 325; Osgood v. Franklin, 2 Johns. Ch. R. 1.

Where the sheriff has made the sale, received the purchase-money at the time, and duly returned the *fieri facias* with the sale and receipt of the purchase-money properly endorsed thereon, the trust does not become extinct by the death of the sheriff before he executed a conveyance to the purchaser. The purchaser being in such case entitled to a conveyance from the sheriff, at the time the sheriff died, his death is a casualty or accident against which a court of equity can relieve.

The general rule is fully admitted, that courts of equity will not grant relief to a party upon the ground of accident, where the accident has arisen from his own gross negligence or fault. But that general rule cannot control the present case; 1st, because the duty of the sheriff to execute the conveyance, was not "created by the party," by any positive contract or obligation, but was "created by law," (1 Story's Eq. Jur. § 101;) 2d, because the delay in the execution of the deed until the sheriff's death, was accompanied by acts of ownership over the land and claim of ownership by the purchaser at sheriff's sale under his purchase, and the aforesaid delay and acts and claim of ownership were known to and acquiesced in by the defendant in the *fieri facias*, (Waters v. Travis, 9 Johns. Rep. 450;) and 3d, because the defendant in the *fieri facias* remained silent after the sheriff's sale, until long after his son (who was the purchaser at that sale) had, after acts of ownership, sold the land to the complainant, and put him in the control of it, and had removed from the State with all his property. It seems to us that the bill

shows, that the complainant has a clear right to have the title to the land divested out of the defendant in the *fieri facias* (the respondent in this case), and invested in himself; that this right cannot be enforced in a suitable manner, otherwise than by a suit like this; that the complainant has a superior equity to the party from whom he seeks relief, and that he will be subjected to an unjustifiable loss, without any blame or misconduct on his part, unless relief is granted in this case.—1 Story's Equity, § 109.

The decree of the chancellor is erroneous, and is reversed; and the cause is remanded. The appellee must pay the costs of the appeal.