SAMUEL M. SCOTT *v.* SAMUEL WATSON, JR., and others.

April Term, 1878.

CHANCERY JURISDICTION TO SUPPLY LOST RECORD OF A JUSTICE'S JUDGMENT.—The court of chancery has no jurisdiction, in the absence of other equities, to supply the record of a justice's judgment destroyed by fire.

*Helms*, for complainant.
*Watson*, for defendants.

THE CHANCELLOR : — In May, 1861, the complainant recovered a judgment, before a justice of the peace of this county, against the defendant E. S. Cheathem for $234.50, which was stayed by Samuel Watson, the testator of the defendants Watson. In the year 1866, the justice's office, with all his official dockets and papers, was destroyed by fire. On January 12, 1869, proceedings were instituted before the justice's successor in office to have execution of the judgment under the act of 1860, ch. 54, sec. 1 (T. & S. Rev., sec. 3070*a*). But, upon bill filed by the stayor, Watson, on whose property the execution had been levied, the proceedings were declared void, and the execution perpetually enjoined. In 1876, Samuel Watson died testate, and the defendants his sons are executors of his will. Cheathem, the principal debtor, has removed from the state. This bill, filed on March 7, 1878, seeks to set up and supply, if necessary, the lost record, and for a decree against Cheathem and the executors for the balance due upon the judgment. The Watsons have demurred, assigning for causes of demurrer that a court of chancery has no jurisdiction to set up or supply the judgment of a court of law, and that the remedy is complete and unembarrassed at law.

The learned counsel of the complainant admits that he has been unable to find a precedent for his bill, and must rely, in order to sustain it, upon the general jurisdiction of equity in cases of accident resulting in the loss or destruction of papers on which the rights of parties depend. But long ago Lord Hardwicke remarked : "The loss of a deed is not always a ground to come into a court of equity for relief; for if there be no more in the case, although he is entitled to have a discovery of that, whether lost or not, courts of law admit evidence of the loss of a deed, proving the existence of it and its contents, just as a court of equity does." *Whitfield* v. *Fausset*, 1 Ves. 392. Accordingly, it has been settled that to enable a party to come into equity in the case of a lost paper, he must establish that there is no

remedy at all at law, or no remedy which is adequate, or adapted to the circumstances of the case; or there must be other equities calling for the action of the court. 1 Story's Eq. Jur., sec. 84. There are cases in the books, in the matter of lost judicial records, where the jurisdiction has been sustained by reason of the "other equities." Thus, where a justice's execution was levied on land, but the levy could not be perfected by a judgment of condemnation in the Circuit Court, as prescribed by statute, because the warrant and original papers in the cause, which the statute required should be entered of record in that court, had been lost by the negligence or fraud of the execution-debtor, who had become the successor in office of the justice rendering the judgment, it was held that equity would entertain a bill to perfect the inchoate lien acquired by the levy of the execution, by a sale of the property for the satisfaction of the judgment. *Bright* v. *Newland*, 4 Sneed, 440. So, where a complainant had, by bill in chancery and attachment sued out thereunder, acquired a lien on land, and the records of the pending suit were destroyed during the Civil War, the Supreme Court sustained a bill filed in the same court to enforce the lien thus acquired. *Alley* v. *Carrol*, 6 Heisk. 221. So, where a sheriff died after having made a sale, received the purchase-money, and returned the process, but before executing a deed, equity took jurisdiction, and divested title out of the defendant in the process. *Stewart* v. *Stokes*, 33 Ala. 494. So, where the records of the court ordering a sale are destroyed by fire, equity may, if the records cannot be restored under statutory provisions, relieve by confirming the title upon payment of the money. *Garrett* v. *Lynch*, 45 Ala. 204. But no case, it is conceded, has been found where, as in the case before us, there was no lien, or other equity, calling for the peculiar action of this court. Here is the naked case of a judgment at law sought to be set up and enforced in equity merely because the record of the judgment has been destroyed.

Treated as a bill to supply the record of another judicial tribunal, we are met with the fact that there is no authority to sustain it. The entire absence of precedent in a matter of such frequent occurrence as the loss or destruction of records is well nigh conclusive evidence that the bill is un- known to the forms of the court, and strongly persuasive that the jurisdiction is either unnecessary or inadmissible. The only direct decision on the point is against the juris- diction. *Keel* v. *Jordan*, 13 Fla. 327. This decision lays stress upon the fact that equity has never exercised the jurisdiction claimed for it. The opinion suggests, also, that its exercise may lead to a conflict between the courts of law and equity, inasmuch as they might differ as to the *data* of the lost record. A more unanswerable suggestion is, that there is nothing in such a bill requiring an appeal to the conscience of the court, and nothing in the relief sought which may not be attained by a proceeding according to the course of the common law. Chancery, in that view, has no office to perform. " The power of courts," says Judge Turley, " to amend and supply their records when they have been destroyed, either by accident or design, cannot be disputed; its existence is essential to a correct admin- istration of justice." *The State* v. *Harrison*, 10 Yerg. 546. The authorities to this effect are numerous and uniform. *Douglas* v. *Yallop*, 2 Burr. 722 ; *Jackson* v. *Smith*, 1 Caines, 496 ; Freem. on Judg., sec. 89. It follows, necessarily, that no other court can exercise the power; for that would be to allow one court to make the records of another.

" The power of courts " is the language of Judge Turley. The " power of courts of record " are the words of Mr. Freeman. Does the like power to supply its lost records exist in the domestic tribunal of a justice of the peace?' In some of the states of the Union, a justice's court is treated as a court of record. *Adair* v. *Rogers*, 1 Wright, 428 ; *Holcomb* v. *Cornish*, 8 Conn. 375. In other states, the ruling has been different. *Hamilton* v. *Wright*, 4 Hawks,

283. The distinction seems to turn on the fact whether the justices are required to keep a docket, and authorized to give certified transcripts entitled to the verity of records. 3 Ph. on Ev. C. & H. Notes, 1116. A justice of the peace in this state is required, since the Code, to keep a docket, to file the papers in causes tried before him, and to give certified transcripts which are made evidence. Code, secs. 4126, 4129, 4164, 4165. Outside, however, of any technical view of the subject, a justice must, in the very nature of things, have the same power to supply the lost records of his office, if necessary to the rights of parties, as other judicial tribunals. If it were not so, in a very large class of cases, constituting the foundation of the justice's jurisdiction, there would be no remedy should the records be lost or destroyed. The court of chancery can take no cognizance of a case where the amount involved is less than $50. If the tribunal which alone has jurisdiction over sums within this limit cannot supply its lost records, conceding that such supply is requisite, then a large class of the most needy suitors would be without redress in the contingency under consideration. I am unwilling to admit the existence of such a flaw in our judicial system.

But whether the power of supplying the records exists in cases like the one before us or not, its exercise is not essential to the rights of the parties. There is nothing to prevent the execution of a judgment, the record of which is lost, without formally supplying the record. "Although," as I have had occasion to say, " the papers in a cause may be lost, yet having once become records they are, in the eye of the law, always records, and litigants are entitled to the benefit of them as still existing." *Randall* v. *Payne*, 1 Tenn. Ch. 145. "A judgment once recovered," says Judge Hawkins, "remains in force until satisfied, although the evidence of its recovery may be lost or destroyed." *Faust* v. *Echols*, 4 Coldw. 400. "It is an axiom in the law of evidence," says Mr. Justice Swayne, "that the contents of any written

instrument lost or destroyed may be proved by competent evidence. Judicial records, and all other documents of a kindred character, are within the rule." *Burton* v. *Driggs*, 20 Wall. 134. Beyond doubt, as Mr. Freeman says, the weight of authority is that a judgment, whether sued on or offered in evidence to prove its existence for any purpose, may be established by parol evidence, if the record of it be lost. Freem. on Judg., sec. 407, and cases there cited. The plaintiff in the judgment, if he wishes to revive it, has only to suggest the death of the defendant and demand a *scire facias;* and, upon proof of the loss of the record and of its contents by parol, he is entitled to the writ, precisely as if the judgment had never been destroyed. *Brown* v. *Alexander*, 1 Tenn. 296; *Faust* v. *Echols*, 4 Coldw. 400; *Childress* v. *Marks*, 2 Baxt. 12; *Mandeville* v. *Reynolds*, 68 N. Y. 533. And a plea to the *scire facias* of *nul tiel record* would be met by the same proof. Freem. on Judg., sec. 432b. And there can be no doubt that a suit at law might be brought on the same judgment, and sustained by the same evidence. The evidence necessary to secure relief by bill, if relief in that mode were admissible, would ensure success at law.

The learned counsel of the complainant objects to the demurrer in this case because, by the act of 1877, ch. 97, sec. 2, it is provided that no demurrer for want of jurisdiction of the cause of action shall be sustained in the Chancery Court, except in cases of unliquidated damages for injuries to person, property, or character. But this section must be read by the light of the first section, which undertakes to give to the Court of Chancery jurisdiction of all civil causes of action, except for injuries to person, property, or character, involving unliquidated damages. What is meant, then, is that a demurrer to the jurisdiction of the court, based upon the ground that the civil cause of action mentioned in the bill is cognizable at law, shall not be sus-

tained. Of course, the statute has no application to a bill the subject-matter of which is neither cognizable in equity nor at law except in the court in which the original proceedings were had. And that would be the case of a bill to set up or supply the lost record of another court. And if the bill be treated as a suit upon the lost judgment, then the action is purely legal, and falls within the decision made by me in *Saudek* v. *Nashville and Hillsboro Turnpike Company*, 1 Leg. Rep. 305.

The demurrer must be sustained and the bill dismissed.