# McCall, Ex'r, *v.* White.

*Motion to require Sheriff to execute Conveyance of Lands sold by his Predecessor in Office.*

1. *Statute authorizing court to order sheriff to execute conveyance of lands sold by his predecessor, construed.*—Under the statute authorizing the court from which issued process, under which a sheriff makes sale of land, if he should die or vacate his office without executing a conveyance to the purchaser, to order his successor in office to execute the conveyance (Code, 1876, § 3207), the power is limited to the single case of a

[McCall, Ex'r, v. White.]

failure to execute.a conveyance; the power to direct and order the refor-
mation of a conveyance, defective because of a mistake common to the
sheriff and the purchaser, is not conferred by the statute.

2. *Same; motion must be made within reasonable time.*—A motion to
require the sheriff to execute a conveyance under this statute is properly
refused, where more than ten years elapsed after the sale, before the
making of the motion, during which time the purchaser and those claim-
ing under him have not had or claimed possession of the land, and no
explanation is given for the delay.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

The case made by the record is sufficiently stated in the
opinion.

HOUGHTON & TYSON and TROY & TOMPKINS, for appellant.

W. O. GRIFFIN, *contra.*

BRICKELL, C. J.—The present proceeding was instituted
under the statute (Code of 1876, § 3207), which authorizes the
court from which the process issued, under which a sheriff
makes sale of lands, if he should die or vacate his office without
making a conveyance to the purchaser, to order his successor
in office to make the conveyance, upon proof of the sale and
payment of the purchase-money. The power which the court
is authorized to exercise, is in its nature equitable. Before the
statute, in such cases, the omission of the sheriff could be
remedied only in a court of equity.—*Stewart v. Stokes*, 33 Ala.
494. And it must be observed, the power is limited to a single
case—the failure to make a conveyance. It is not a power to
direct and order the reformation of a conveyance, defective
because of a mistake common to the sheriff and the purchaser.
In the present case, the sheriff promptly executed a convey-
ance, which was delivered to the purchaser, and was exhibited
in the circuit court. If there be in it mistake, or any special
defect, it has not been pointed out, nor could its existence now
be matter of inquiry.

More than ten years elapsed after the sale, before the making
of this motion; and it does not appear that during this period
the purchaser, or those claiming under him have had or claimed
possession of the lands. In all analogous proceedings, as in
applications for the vacation of a sale of lands under execution,
parties are required to intervene with reasonable diligence.
Unreasonable and unexplained delay is a positive bar to the
interference of the courts.—*McCaskell v. Lee*, 39 Ala. 131;
*Daniel v. Modawell*, 22 Ala. 365. If during the period which
was permitted to elapse, and for the delay there is no explana-
tion, there has been an adverse possession of the lands, the

purchaser has lost all legal remedy for their recovery. In view of the fact, that the specific case for which the statute provides, the failure of the sheriff to make a conveyance, is shown not to exist, and of the unexplained and unreasonable delay in making the motion, we are of opinion the circuit court properly denied it.

Affirmed.