# Stanfill, *et al. v.* Johnson.

### *Bill to Quiet Title.*

(Decided April 13, 1909. 49 South. 223.)

1. *Deeds; Validity; Incapacity and Undue Influence.*—Where a deed is made by a parent to a child, whether natural or adopted, the parent is presumed to be the dominant party in the transaction and the burden is on the party assailing the deed to show incapacity or undue influence.

2. *Same; Parties; Capacity.*—In order to avoid a conveyance, incapacity to understand a thing done as distinguished from mere weakness, must be shown.

3. *Same; Evidence.*—The evidenec in this case stated and examined and held to show that the party making the deed under which the complainant claims had the requisite legal capacity.

4. *Evidence; Presumption; Sanity.*—The law presumes everyone to be sane until the contrary is shown.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Bill by Lewis Johnson against Norman F. Stanfill and others to quiet title. Judgment for complainant and respondents appeal. Affirmed.

H. F. REESE, and PETTUS, JEFFRIES & PETTUS, for appellant. Transactions between persons occupying fiducia-

ry relations are presumptively invalid, and the burden is upon the person receiving the benefit to prove affirmatively good faith, full knowledge and independent consent without any proof of undue influence.—*Noble v. Moses Bros.,* 81 Ala. 530; *Harraway v. Harraway,* 136 Ala. 501. And this principle is aplied with great rigor to gifts.—2 Pom. Eq. Jur. sec. 957. On the question of the soundness of the grantor's mind counsel cite.— *O'Daniel v. Rodiger,* 76 Ala. 428; *Schiefferlin v. Schifferlin,* 127 Ala. 14; *Whitney v. Twomby,* 126 Mass. 145.

J. C. COMPTON, and MALLORY & MALLORY, for appellee. The law presumes every man to be sane until the contrary is shown, and the burden is on the party alleging it.—*Rawdon v. Rawdon,* 28 Ala. 565; *White v. Farley,* 81 Ala. 563. It is unsoundness and not mere weakness of mind that avoids a contract.—*Stubbs v. Houston,* 33 Ala. 535; *Kramer v. Weinert,* 81 Ala. 416; *Schiefferlin v. Schiefferlin,* 127 Ala. 37; *O'Donnel v. Rodiger,* 76 Ala. 222; *Taylor v. Kelly,* 31 Ala. 962; *Knox v. Knox,* 95 Ala. 495; *Powell v. The State,* 25 Ala. 21; *Domineck v. Randolph,* 124 Ala. 564; *Ford v. The State,* 71 Ala. 392. As to the question of evidence of insanity counsel cite.— *Parrish v. The State,* 139 Ala. 42; *Kimbrough's Case,* 100 Ala. 140; *Harrison v. Harrison,* 126 Ala. 326.

SIMPSON, J.—The bill was filed by the appellee to quiet title under the statute. The complainant is the surviving husband of Susan Johnson, who was the adopted daughter of John Stanfill, deceased, John Stanfill had no children. The respondents are collateral heirs at law of said John Stanfill, and the equity of the bill depends upon the validity of a deed made by said John Stanfill in November, 1898, conveying the property in question to said Susan Johnson. The respondents present the ques-

tion of the validity of said deed by pleas and by answers and cross-bill, claiming that said deed is invalid because of the mental incapacity of said John Stanfill and because of undue influence.

Appellant's' counsel commences his brief with the proposition that transactions between persons occupying fiduciary relations are presumptively invalid, and (without proof of undue influence) the burden is upon the person receiving the benefit tò prove affirmatively good faith, full knowledge, independent consent, etc., citing *Harraway v. Harraway*, 136 Ala. 499, 34 South. 836, *Noble v. Moses Bros.*, 81 Ala. 530, 1 South.217, 60 Am. Rep. 175, and 2 Pomeroy, Eq. Jur. § 957. This principle does not apply where the donor or grantor is the dominant party, and in a transaction between a parent and child the parent is presumed to be the dominant party. So, where a deed is made by a parent to a child, whether natural or adopted, the burden rests upon the party assailing it to prove incapacity or undue influence.—*Sanders v. Gurley*, 153 Ala. 459, 44 South. 1022; *Hutcheson v. Bibb et al.*, 142 Ala. 586, 38 South. 754; *McLeod et al. v. McLeod*, 145 Ala. 369, 273, 40 South. 414, 117 Am. St. Rep. 41.

Aside from the fact that said John Stanfill resided in the house with the donee, Sue Johnson, and her husband, no effort is made to prove that said Sue Johnson had acquired such an influence over and control of said Stanfill as to become the dominant party, so the only contention is as to his mental capacity. The law presumes every one to be sane until the contrary is proved; and it is unsoundness, and incapacity to understand the business transacted, as contradistinguished from mere weakness, which must be proveed, in order to avoid a conveyance.—*White v. Farley*, 81 Ala. 563, 8 South. 215; *Rawdon v. Rawdon*, 28 Ala. 565, 567; *Stubbs v. Houston,*

[Stanfill, et al. v. Johnson.]

33 Ala. 555, 567; *In re Carmichael,* 36 Ala. 515, 522; *Kennedy et al. v. Marrast et al.,* 46 Ala. 161, 168; 22 Cyc. 1206; *Schieffelin v. Schieffelin,* 127 Ala. 16, 37, 28 South. 687; *Taylor v. Kelly,* 31 Ala. 59, 72, 68 Am. Dec. 150; *Knox v. Knox,* 95 Ala. 495, 503, 11 South. 125, 36 Am. St. Rep. 235.

A careful examination of the testimony shows that there is a decided conflict therein as to the general condition of the mind of said Stanfill for several years; that is, witnesses who saw him occasionally, or frequently, testify to disconnected speech, to a failure to recognize persons whom he had known, to his being lost in traveling familiar roads, etc., while others testify that none of these indications were noticed until long after the execution of the deed in question. It will be noticed that even the testimony of those who speak of his "crankiness" and other vagaries does not come up to proof of incapacity, while the testimony of those who knew him best is to the contrary. His lifetime friend and adviser, B. F. Ellis, gives a detailed statement of the consultations of Capt. Stanfill with him, showing an exact knowledge of what he wished to do, giving cogent reasons for wishing to convey the property, describing it first by the names of the two places, and afterwards giving the numbers, to be handed to the scrivener. Mr. Ellis is corroborated by the notary who took the acknowledgment, in so far as he was present, and is not contradicted in any material particular by Elijah Ellis, the other attesting witness.

The evidence shows that said Stanfill had the requisite legal capacity to make the deed, and the chancellor's decree is with error.

The decree of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.