[Frederic v. Wilkins.]

# Frederic *v.* Wilkins.

*Bill to Annull Deed for Mental Incapacity and Undue Influence.*

(Decided June 5, 1913.  62 South. 518.)

1. *Deeds; Validity; Mental Incapacity.*—Before a decree will be granted to annul a deed on the ground of the mental incapacity of the grantor, the evidence must show that the grantor did not have sufficient mental capacity fairly to understand the nature and consequence of the act.

2. *Same; Undue Influence.*—Relations of friendship and social regard where no trust is reposed by the weaker party, and no moral dominance by the other, are insufficient to create a suspicion of undue influence in the execution of a deed.

3. *Insane Person; Proceedings; Effect.*—Lunacy proceedings are ex parte and inadmissible against a grantee of the alleged lunatic in a subsequent proceeding to set aside a deed on the ground of mental incapacity.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Annie Frederic as administratrix of the estate of William Scholtz, against Mary T. Wilkins to annul a deed because of mental incapacity of the grantor and undue influence on the part of the grantee.  Decree for respondent and complainant appeals.  Affirmed.

INGE & McCORVEY, for appellant.  The court erred in admitting the opinion of witnesses as to the sanity or insanity of the grantor as none of them were shown to have the qualifications required.—*Burney v. Torrey,* 100 Ala. 157; *Norris v. State,* 16 Ala. 776; *Flory v. Flory,* 24 Ala. 241.  The transcript of the probate court showing the proceedings committing the grantor to the insane asylum were competent evidence and should be admitted, as the court is a court of record and a certified copy of its proceedings admissible under the stat-

ute. The following authorities will be found to bear directly on the question, and to demonstrate that the court erred in its final decree finding against complainant on the asserted undue influence exercised by the grantee over the grantor.—*McQueen v. Wilson,* 131 Ala. 606; *Harraway v. Harraway,* 136 Ala. 499; *Hutchison v. Bibb,* 142 Ala. 586; *Walling v. Thomas,* 133 Ala. 426; *Letohatchie Church v. Bullock,* 133 Ala. 548; *Waddell v. Lanier,* 62 Ala. 347; *Gewin v. Shields,* 52 South. 887; *McLeod v. McLeod,* 137 Ala. 267; *Shipman v. Furniss,* 69 Ala. 555; *Cotton v. Ulmer,* 45 Ala. 378; *Coghill v. Kennedy,* 119 Ala. 641; *Pike v. Pike,* 104 Ala. 642; 29 A. & E. Enc. of Law, 110, et seq., and authorities cited.

L. H. & E. W. FAITH, for appellee. The answer of respondent denies specifically the allegations of the bill, seeks no affirmative relief and sets up no affirmative defense, and the burden rests upon complainant to make out her case as alleged in her bill.—*Robinson v. Wood,* 56 South. 124. The evidence wholly fails to show the exercise or attempted exercise of any undue influence. —*Jackson v. Rowell,* 87 Ala. 690; *Adair v. Craig,* 135 Ala. 335; *Robinson v. Wood, supra.* As an heir of the grantor complainant cannot raise any question as to the consideration.—Authorities supra. The same rule applies to complainant in her representative capacity. —*Davis v. Swanson,* 54 Ala. 277; *Gaillard v. Fenn,* 90 Ala. 233. Relations of friendship raise no presumption of undue influence.—*Kyle v. Perdue,* 95 Ala. 585. The proof failed to show that unsoundness of mind or incapacity to understand that will avoid a conveyance.— *Stanfill v. Johnson,* 159 Ala. 546; *Pritchard v. Fowler,* 55 South. 147. The proceedings to commit the grantor to the insane asylum were ex parte and not binding on respondent, as no notice was ever served on the gran-

tor.—*Craft v. Simon,* 118 Ala. 636. It was not a judicial determination as upon an inquisition of lunacy under sections 4347-4356, Code 1907; *McCurry v. Hooper,* 12 Ala. 823; *Ex parte Trice,* 53 Ala. 546; 196 U. S. 45. Persons may give an opinion as to the sanity of the person inquired about under circumstances and conditions that will not permit of their testifying to his insanity.—*Burney v. Torrey,* 100 Ala. 172; *Caddell v. State,* 129 Ala. 65; *Parrish v. State,* 139 Ala. 42.

SOMERVILLE, J.—The bill is filed for the purpose of annulling a certain deed of land on the grounds of the mental incapacity of the grantor and of the exercise by the grantee of undue influence upon the grantor with respect to its execution. The determination of these two issues of fact, according to the weight of the evidence adduced, is all that was involved on the hearing below, and the appeal is to review the findings of the chancellor which were in favor of the respondent.

A careful examination of the evidence satisfies us that the conclusions of the chancellor are well grounded and his decree dismissing the bill free from error.

The legal evidence, while conflicting, falls very far short of satisfying us that the grantor did not have sufficient mental capacity to fairly understand the nature and consequences of the act in question, and the law requires nothing more than that.—22 Cyc. 1206B; *Stanfill v. Johnson,* 159 Ala. 546, 49 South. 223.

Had the chancellor considered the record of the lunacy proceedings, by which the grantor was committed to the insane asylum several years before he made the deed, it could not have affected the result, for all the facts were otherwise before him. But, those proceedings being purely ex parte, the order of commitment was not binding upon him nor upon his later privies in estate,

and the record was properly rejected as res inter alios acta.—*McCurry v. Hooper,* 12 Ala. 823, 46 Am. Dec. 280; *Ex parte Trice,* 53 Ala. 546.

The evidence does not show confidential relations between the grantor and the grantee, and there is nothing whatever to suggest any actual undue influence upon the grantor. The relations of friendship and social regard, however warm and cordial, without trust reposed by the weaker party and moral dominance by the stronger, are not alone sufficient to stamp with suspicion either contract or a gift between the parties, as often declared by the courts.—*Kyle v. Perdue,* 95 Ala. 579, 585, 10 South. 103; *Adair v. Craig,* 135 Ala. 332, 335, 33 South. 902. Hence the numerous authorities cited by appellant in regard to transactions between persons in confidential relations are not applicable to the facts of this case. Our conclusions are supported and confirmed by various phases of the evidence which it is inexpedient to here review in extenso.

The decree will be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.