7 So.2d 259

**McKINNEY v. WEATHERFORD et al.**

**8 Div. 47.**

Supreme Court of Alabama.

March 26, 1942.

Wm. Stell, of Russellville, for appellant.

W. L. Chenault, of Russellville, for appellees.

494

**THOMAS, Justice.**

The suit of complainants was for the cancellation of a deed from J. W. Haithcock and wife to J. W. McKinney, and sought a sale for division of the lands described in the bill.

Under the last amendment to this pleading, the contention of the complainants was the incapacity of the grantor to make the deed which is of date of October 31, 1934.

There were answer and a cross bill, paragraph four of said cross bill reading as follows: "And alleges that the lands described in paragraph two of this answer as amended was given to this respondent by the said J. W. Haithcock and Frances Haithcock to take care of them during the remainder of their lives; and this respondent avers that he and his wife have gone to much expense and trouble in caring for them and in carrying out the agreement of the parties to said deed and that they and neither of them have been paid for such services and this respondent is advised and hence avers that this court if he should find the said deed dated October 31st, 1934, not valid that the court will make the heirs of the said John Haithcock specifically perform the agreement made and entered into by the parties and that title will be decreed to this respondent as provided in said deed at the death of the said Frances Haithcock."

The complainants answered the cross bill and denied the allegations of the same.

The trial court rendered a decree cancelling the deed as the same affected the lands of J. W. Haithcock. It is recited in the decree:

"All the evidence, including the deposition of Frances Haithcock, was taken orally before the court.

"The court finds from the evidence that the physical and mental condition of J. W. Haithcock alias Bud Haithcock was such that he was a non compos mentis when the deed was executed by J. W. Haithcock and Frances Haithcock to J. W. McKinney on or about the 31st day of October, 1934, which deed purports to convey to J. W. McKinney several hundred acres of land described in the bill of complaint. Therefore, it is ordered, adjudged, and decreed by the court that the said deed of J. W. Haithcock and Frances Haithcock to J. W. McKinney, dated October 31, 1934, is null and void in so far as it purports to convey to J. W. McKinney the lands owned by J. W. Haithcock on or about October 31st, 1934.

"The court further finds from the evidence that Frances Haithcock owned 290 acres of the land described in the said deed of J. W. Haithcock and Frances Haithcock to J. W. McKinney executed and delivered on October 31st, 1934, she having acquired title to said 290 acres of land by a deed executed and delivered by J. W. Haithcock to his wife, Frances L. Haithcock on or about January 15th, 1897, and recorded in Deed Record Book No. 64, Page 173 in the Office of the Probate Judge of Franklin County, Alabama. Therefore, it is hereby ordered, adjudged and decreed by the court that the said deed of J. W. Haithcock and Frances Haithcock to J. W. McKinney dated October 31st, 1934, is a legal conveyance to J. W. McKinney to the 290 acres owned by Frances Haithcock and that J. W. McKinney is now the legal owner of all the right, title, claim and interest of Frances Haithcock in and to the said 290 acres of land, subject, however, to the life estate reserved by Frances Haithcock in said deed dated October 31st, 1934, to J. W. McKinney, which said 290 acres of lands are described as follows:

"'NW-1/4 of Sec. (36) Township (7) Range (14) acres 160. 130 A in SE-1/4 Sec. (35) Township (7) Range 130. Total, 290.

"'Two Hundred and Ninety acres more or less.'

"The court is of the opinion that there is not sufficient evidence before the court for the court to intelligently ascertain the dower and homestead rights of the widow, Frances Haithcock, in the lands owned by J. W. Haithcock at the time of his death.
* * * *."

The rule that prevails in this jurisdiction, where the finding is based upon testimony given ore tenus before the trial court, obtains. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Andrews v. Grey, 199 Ala. 152,

74 So. 62. Said rule is that where the evidence is taken ore tenus in open court before the chancellor the same presumptions must be indulged in favor of the finding made that are now accorded to a finding of fact by the register. Alabama Tennessee & Northern Ry. Co. v. Aliceville Lumber Co., 199 Ala. 391, 74 So. 441.

See Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Finney v. Studebaker Corp., 196 Ala. 422, 72 So. 54; Hackett v. Cash, 196 Ala. 403, 72 So. 52.

The deed in question is of date of October 31, 1934, and the grantor (husband) died a day or so later. The wife in that conveyance lived until after the appeal was taken in the Supreme Court, and her death was suggested to this court on submission of the cause. See Cox v. Dodd, ante, p. 37, 4 So.2d 736.

The question of the widow's quarantine right to obtain under the statute of force at the date of the death of the husband [Bishop v. Johnson, post, p. 551, 7 So.2d 281], and the question of her dower rights, were eliminated in the decree for lack of evidence, and are now beside the case by her death without a sufficient assignment of dower. Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932.

The rule touching certain conveyances is stated in Kramer v. Weinert, 81 Ala. 414, 417, 1 So. 26, 27, as follows: "The question is not the degree of memory, but its disposing power. A testator may not be able to recollect and recall the names of long and intimate acquaintances and of near relatives, and yet be competent to understand and direct the dispositions of his property. Says Chancellor Kent: 'The want of the recollection of names is one of the earliest symptoms of a decay of the memory; but this failure may exist to a very great degree, and yet the solid power of understanding remain.' Van Alst v. Hunter, 5 Johns.Ch. [N.Y.], 148; Stevens v. Vancleve, supra [Fed.Cas.No.13,412 (4 Wash.C.C. 262)]; 1 Jarm. Wills, (Ran. & Tal.Ed.) 93, note B. Any other rule would incapacitate most persons of advanced age to dispose of their property by testament. The failure of memory, unless it be entire, or extend to the immediate family and property of the testator, or so far that he is unable to recall and retain the constituents of the business sufficiently long for its completion, is not of itself a legal standard of testamentary capacity." [Parenthesis supplied.]

In Watkins v. Yeatman, 189 Ala. 370, 66 So. 707, 709, Mr. Justice DeGraffenried, writing for the court, said:

"The true rules of the common law (and our courts have adopted them) on the particular subject now in hand are stated in Slaughter v. Heath, 127 Ga. 747, 57 S.E. 69, 27 L.R.A.,N.S., 1, substantially as follows: 'However old, feeble, week-minded, capricious, notionate he may be, if he "be able to have a decided and rational desire as to the disposition of his property," he is not wanting in testamentary capacity. And, in making the inquiry, * * * attention is to be given, not so much to the state of the mind (of the person) as an abstract philosophical or medical question, as to its capacity for the precise thing in hand. * * * His desire must be decided, in distinction from the wavering, vacillating fancies of a distempered intellect. It must be rational, in distinction from the ravings of a madman, the silly pratings of an idiot, the childish whims of imbecility, or the excited vagaries of a drunkard.'

"We have carefully selected the above quotation from sentences which appear in the above case because they succinctly express the law of this state as it has always been declared by our courts to exist. * * *"

In Leeper, Ex'r, etc., v. Taylor and Wife, 47 Ala. 221, 223, the old authorities are collected to the effect that: "It is said, after repeated discussions of the same question by our own courts. That the testator should make a valid will, it is not necessary that his memory should be perfect, and his mind wholly unimpaired. If he had memory and mind enough to recollect the property he was about to bequeath, and the persons to whom he wished to will it, and the manner in which he wished it disposed of, and to know and understand the business he was engaged in, he had, in comtemplation of law, a sound mind; and his great age, bodily infirmity, and impaired mind, would not vitiate a will made by one possessing such capacity. * * *"

Such was the finding in the above case, and it is further therein observed: "* * * It is said by the text-writers on this branch of legal learning, 'That the influence to vitiate the act must amount to force and coercion, destroying the free-agency.' It must not be the influence of

affection, or attachment, or the desire to gratify the wishes of another. And there must be evidence of such importunity, or coercion, as could not be resisted, so that the motive impelling the testator was tantamount to force or fear.—1 Williams Ex'rs., 42; 1 Jar. on Wills, 39; Taylor v. Kelly, 31 Ala. 59, 70 (68 Am.Dec. 150); Gilbert v. Gilbert, 22 Ala. 529 (58 Am.Dec. 268); Dunlap v. Robinson, 28 Ala. 100; Leverett's Heirs v. Carlisle, 19 Ala. 80; Pool's Heirs v. Pool's Ex'r, 35 Ala. 12; Hall's Heirs v. Hall's Executors, 38 Ala. 131; 1 Redf.Law of Wills, 514 et seq. * * *"

Such are the rules that obtain in this jurisdiction at this time.

At the time the conveyance here assailed was executed by Mr. Haithcock and his wife to the appellant J. W. McKinney, there were three disinterested parties present— Dr. Thorn, the family physician, attending the deceased in his last illness; Miss Evelyn Reid and Arvey Scott. The record shows that prior to the execution of the conveyance, Mr. Haithcock had stated to the doctor that he wanted the appellant and his wife Cora Belle to have his property. To the same effect was the testimony of Alex Bohannon, the father of appellant and other witnesses, including Robert and John McKinney, the wife of appellant and Mr. and Mrs. Overton. The record further shows the agreement of Mr. McKinney and his wife Cora Belle had with grantors when they moved on the place, that if grantees would come and live with them (the Haithcocks) that they would give them (the McKinneys) the conveyance to the land in question.

The record further shows at the time of the execution of the conveyance that Mr. Haithcock, though physically disabled, had sufficient mental capacity to dispose of his property, as was done by the conveyance. This is shown by the testimony of the physician, the acting officer (Miss Evelyn Reid) and Mr. Hamilton and Arvey Scott.

■ It is the rule in this state that the burden was on the complainants to establish the mental incapacity of the grantor at the time of the transaction resulting in the conveyance in question, now complained of. The present Chief Justice, writing for the court in Harris et al. v. Bowles et al., 208 Ala. 545, 547, 94 So. 757, 759, observed:

"Upon the question of mental capacity, in Stanfill v. Johnson, 159 Ala. 546, 49 So. 223, it is said:

" 'The law presumes every one to be sane until the contrary is proved; and it is unsoundness and incapacity to understand the business transacted, as contradistinguished from mere weakness, which must be proved, in order to avoid a conveyance.'

"The same language was stated in somewhat varying terms in Frederic v. Wilkins, 182 Ala. 343, 62 So. 518, wherein it was said the law requires nothing more than that the grantor should have sufficient mental capacity to fairly understand the nature and consequences of the act in question."

■ We have indicated that mere weakness of intellect is not sufficient to incapacitate. Watkins v. Yeatman, 189 Ala. 370, 66 So. 707, supra; Leeper, Ex'r, etc., v. Taylor and Wife, 47 Ala. 221, supra.

■ It is further well established by this court that a deed or will being made in conformity to a fixed determination, freely entertained and expressed for years, is the strongest proof of capacity to make such a deed or will. The testimony of Yancey Baggett concludes with the statement that "all the community" knew that Mr. Haithcock would convey the property to appellant. Stroup v. Austin, 180 Ala. 240, 60 So. 879; Leeper, Ex'r, etc., v. Taylor and Wife, 47 Ala. 221, supra. And this rule has long obtained in our jurisdiction. Couch v. Couch, 7 Ala. 519, 42 Am.Dec. 602.

■ It is further the rule that an agreement obligating a grantee to care for the grantor as long as he lives, and such agreement is supported by the facts, is a valuable consideration. Cox v. Hutto, 216 Ala. 232, 113 So. 40.

The record shows that the relation between the grantor (Haithcock) and J. W. McKinney was that of uncle and nephew. We find nothing in the record that this relationship or the action of the parties created a confidential relationship within the rule that obtains. Abrams v. Abrams, 225 Ala. 622, 144 So. 828, 829.

In the last cited case, Mr. Justice Knight said for the court: "* * * So far as the evidence shows to the contrary, it was J. M. Abrams who offered to make the conveyance, and the evidence wholly fails to show that he was moved to make the conveyance by any word or act on the part of

the respondents Guy W. and Effie Abrams, or of either of them. The relation between the said Guy W. Abrams and J. M. Abrams was that of uncle and nephew, and there is nothing in this relationship of itself to create a confidential relation. 12 Corpus Juris, 421; 18 Corpus Juris, 240; Noel v. Noel et al. [225 Ala. 302], 143 So. 469. Nor does the evidence show that either of the grantees in this deed had exercised dominance over the will of the grantor; nor does it appear that any fraud, artifice, or imposition was practiced upon, or any overreaching and unconscionable advantage taken of, the grantor by the said grantees to bring about the execution of the deed. * * *"

Whatever the instrument be called, it was in form and legal effect a deed, and so treated by the trial court. We conclude the matter with the observation that the grantor J. W. Haithcock was sufficiently sound of mind to understand in a reasonable manner the nature and effect of the act which he and wife were doing at the time of their execution of the conveyance here challenged for mental incapacity. Hall v. Britton, 216 Ala. 265, 113 So. 238; White v. Farley, 81 Ala. 563, 8 So. 215; Stanfill v. Johnson, 159 Ala. 546, 49 So. 223, supra; 18 Corpus Juris, 218, § 131; 26 Corpus Juris Secundum, Deeds, p. 262, § 54. Such was J. W. Haithcock's free and voluntary act, not induced by fraud or dominance over his will by grantee. The execution of such deed was not the result of an unconscionable or overreaching advantage exercised by any one to bring about the conveyance of the property to appellant.

It results from the foregoing that the decree of the trial court of date of October, 19, 1939, holding that at the time of the conveyance to appellant, J. W. Haithcock (the grantor) was non compos mentis, is in error. Said decree is reversed and one here rendered for the appellant, investing J. W. McKinney with the lands conveyed to him by J. W. Haithcock and Frances L. Haithcock on October 31, 1934. The suit is dismissed at the cost of complainants-appellees.

Reversed and rendered.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.