114 So.2d 916

**W. M. BERRY et al.**

v.

**A. B. BERRY et al.**

**7 Div. 453.**

Supreme Court of Alabama.

Oct. 8, 1959.

Scott & Scott, Fort Payne, for appellants.

W. M. Beck, Fort Payne, for appellees.

MERRILL, Justice.

Appellants, who are children or grandchildren of P. B. Berry, deceased, filed a bill of complaint against A. B. Berry and wife, to set aside a deed executed by Luther Berry, deceased, to respondents. Both A. B. Berry and Luther Berry were sons of P. B. Berry, deceased. The bill also sought a sale of the land for division.

The bill charged that the deed was void because Luther Berry was not mentally competent to make the conveyance. After a final hearing, the trial court denied relief and dismissed the bill.

P. B. Berry had, during his lifetime, deeded the 20 acre "homeplace" to his youngest son, Luther Berry. P. B. Berry died in 1951, his wife in 1952. Luther Berry had been admitted to Bryce Hospital on September 29, 1945, furloughed November 30, 1945, readmitted December 2, 1950, furloughed July 6, 1951, and discharged for record purposes six months later on January 6, 1952. On this second admission "he was diagnosed as a dementia praecox, catatonic type. It is now called schizophrenic reaction, catatonic type."

The deed in question was executed on March 3, 1953. The homeplace was conveyed to A. B. Berry and wife in exchange for a deed to 40 acres of land owned by A. B. Berry in Marshall County. It is not disputed that several of the complainants knew about the transaction when it occurred and that no action had been taken prior to the death of Luther Berry on June 6, 1954. The bill was filed April 27, 1957.

The trial court's written opinion and decree states, in part:

"As the Court views the matter, the question for decision is whether or not Luther Berry at the time of the execution of the deeds to the respondents on March 3, 1953, was mentally incompetent, or was not capable of knowing the effect of the conveyance as alleged in the original bill of complaint."

After discussing the evidence, the opinion continues:

"The law presumes every person sane, and casts the burden of establishing insanity on the one asserting it. Equitable Life Assur. Soc. [of United States] v. Welch, 239 Ala. 453, 195 So. 554; Harris v. Bowles, 208 Ala. 545, 94 So. 757.

"Proof of insanity or mental incompetency at intervals, or of a temporary character, creates no presumption that it continued up to the time of the transaction, and the burden is upon the attacking party to show insanity at the very time of the transaction. Equitable Life Assur. Soc. [of United States] v. Welch, 239 Ala. 453, 195 So. 554; Hall v. Britton, 216 Ala. 265, 113 So. 238.

"Mere weakness of intellect is not sufficient to incapacitate a grantor and to warrant cancellation of a deed upon the ground of mental incapacity. McKinney v. Weatherford, 242 Ala. 493, 7 So.2d 259; Frederic v. Wilkins, 182 Ala. 343, 62 So. 518; Stanfill v. Johnson, 159 Ala. 546, 49 So. 223; Ala. & So.Dig., Vol. 10, Deeds ☞68(1½).

"After a careful study of all of the testimony in the case, and the application of the rules of law as set forth in the cases above cited thereto, the Court is definitely of the opinion that the complainants have failed to discharge the burden of proof cast upon them and that, therefore, they are not entitled to the relief as prayed for.

"It is, therefore, ordered, adjudged and decreed that the complainants are not entitled to the relief as prayed for in said original bill and that said original bill be, and the same is hereby dismissed."

All the assignments of error, except No. 3, charge in effect that the court erred in holding that Luther Berry was a person of sound mind when he executed the deed in question.

There was ample evidence to sustain the decree of the court. There was evidence that after his return from Bryce Hospital in 1951, Luther Berry farmed, bought and traded tractors, borrowed money at the bank, worked in the State of Michigan four months, sold timber, and executed deeds to a sister and two brothers who are among the complainants in the instant case.

The only medical testimony was that of Dr. Albert B. Stephens, Jr., assistant psychiatrist at Bryce Hospital, who last saw Luther Berry on April 9, 1951. He testified on direct examination that "These individuals may show periods of bizarre be-

havior and then have periods in which they are fairly rational between. I would say that most probably we would have to consider that he was not competent, but I could not, without having examined him at that time, make a definite statement and say that he was either competent or incompetent."

Assignment of error 3 charges that the court "erred in excluding the testimony of Dr. A. B. Stephens, Jr. as to the sanity of Luther Berry." This assignment is without merit because the opinion of the trial court shows on its face that the doctor's testimony was not excluded, and the decree includes the name of Dr. Stephens and some of his testimony.

The decree of the trial court is due to be, and is, affirmed.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.