Thomas O. McAlister appeals from a summary judgment granted in favor of the defendants.
On August 3, 1985, McAlister entered into a contract to purchase real property located in Colbert County, Alabama, from defendants Jesse and Ellen Deatherage. The transaction was negotiated by defendant Marilee Ellis, an agent for defendant Ronald Warren Realty Company. On August 19, 1985, the contract was executed by payment of a portion of the purchase price and the assumption of a note and mortgage on which the Deatherages were liable.
On January 27, 1986, McAlister filed this action against the defendants, seeking to set aside the purchase of the real estate. McAlister alleged that at the time he entered into and executed the contract he was under the effect of a mental disease or defect and lacked the capacity to enter into a contract. He also alleged that Ellis and Ronald Warren Realty fraudulently induced him to purchase the property.
The Deatherages answered the complaint and filed a counterclaim for the balance *Page 388 
due on the note and mortgage that McAlister assumed. Ellis and Ronald Warren Realty answered, denying the allegations of the complaint.
The Deatherages filed a motion for summary judgment supported by their individual affidavits and by the deposition of Dr. E.J. Phillips. Ellis and Ronald Warren Realty also filed a motion for summary judgment, which was supported by the deposition of McAlister and by the other depositions and affidavits on file in the case. McAlister filed his own motion for summary judgment, which was supported by his deposition, the deposition of Dr. E.J. Phillips, and the affidavits of Dr. Fernando Lopez, Sandra McAlister, and William J. Underwood.
The trial court granted summary judgment for all the defendants. McAlister filed a motion for reconsideration, along with a supporting brief, which motion was denied. McAlister appeals from that summary judgment.
The standards for ruling on a motion for summary judgment are well established:
 "Rule 56, Ala.R.Civ.P., sets forth the two-part standard for granting summary judgment. That rule requires the trial court to determine: (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to judgment as a matter of law. This rule must be read in conjunction with the scintilla rule so that summary judgment will not be granted if there is a scintilla of evidence supporting the position of the opposing party. Silk v. Merrill Lynch, Pierce, Fenner Smith, Inc., 437 So.2d 112, 114 (Ala. 1983)."
Whitehead v. Johnston, 467 So.2d 240 (Ala. 1985).
Likewise, the standard of appellate review is well settled:
 "On appeal, we look at the materials presented to the trial court and determine for ourselves, in light of the scintilla rule, whether there were any triable issues of fact due to be decided by the jury. Chiniche v. Smith, 374 So.2d 872 (Ala. 1979)."
Jarrard v. Nationwide Mut. Ins. Co., 495 So.2d 584
(Ala. 1986). If there is evidence supporting plaintiff's position, entry of summary judgment is inappropriate and is due to be reversed. Legg v. Kelly, 412 So.2d 1202 (Ala. 1982).
In Alabama, the rule is that contracts of insane persons are wholly and completely void. Williamson v. Matthews,379 So.2d 1245 (Ala. 1980); Code of Alabama (1975), §8-1-170. The question then goes to what constitutes insanity. Alabama has essentially adopted a cognitive (understanding) test to answer this question. In Hall v. Britton,216 Ala. 265, 113 So. 238 (1927), the Court stated:
 "In order to render a deed void because of the mental incapacity of the grantor — and the principle is the same for any other signatory — the test is 'not merely that the grantor's mental powers were impaired, but whether he had sufficient capacity to understand in a reasonable manner the nature and effect of the act which he was doing.' "
216 Ala. at 267, 113 So. at 239.
 "[T]o avoid a contract on the ground of insanity, it must be satisfactorily shown that the party was incapable of transacting the particular business in question. It is not enough to show that he was the subject of delusions not affecting the subject-matter of the transaction, nor that he was, in other respects, mentally weak. A party cannot avoid a contact, free from fraud or undue influence, on the ground of mental incapacity, unless it be shown that his insanity . . . was of such character that he had no reasonable perception or understanding of the nature and terms of the contract."
Weaver v. Carothers, 228 Ala. 157, 160, 153 So. 201,202 (1934).
Depositions submitted on behalf of McAlister included those of his past and present psychiatrists plus his own deposition and supporting affidavits.
McAlister was diagnosed as having bipolar disorder (manic-depression) at least as far back as 1967, when the military service declared him to be 100 percent disabled. Since that time he has not worked, living *Page 389 
entirely off Veterans Administration benefits and social security benefits. McAlister began seeing Dr. Lopez in 1975 and was treated by Dr. Lopez until McAlister moved to North Alabama and began treatment with Dr. Phillips in November 1985. During McAlister's treatment under Dr. Lopez, he was committed at least once through the probate court to a mental hospital and was, for the vast majority of that time, on various medications, including Lithium, to help control his illness. Three days before the contract to buy the house was signed, Dr. Lopez had a meeting with McAlister. Dr. Lopez was of the opinion that at that time McAlister was off his medication and "was psychotic. And, when he is psychotic, . . . it is a major psychiatric disorder of psychotic proportions." Lopez also stated that such episodes last weeks at a time and that even with "intensive treatment at a psychiatric hospital," the manic episode may be shortened only to "two or three weeks." McAlister testified that during the early part of July 1985 he was hospitalized to undergo a gall bladder operation, during which time none of his medication for his illness was administered to him by the hospital. According to McAlister, he remembers only bits and pieces over the next two months (from mid-July to late-September or early October). McAlister stated in his deposition that he remembered nothing about any financial statements he may have signed and did not know what, if any, other documents he had signed during that time. Most of what McAlister does remember is through what third persons have recently told him.
The very nature of the manic-depressive, as stated in Dr. Phillips's deposition, is often characterized by "buying sprees, frequently buying things that they don't need and often charging or writing checks for which they have no funds to finance." This is not to say that all manic-depressives may be classified as insane within the cognitive test that Alabama utilizes. However, under this set of facts and in this circumstance, we cannot say that McAlister "had sufficient capacity to understand in a reasonable manner the nature and effect of the act which he was doing," Hall v.Britton, supra, or that he had a "reasonable perception or understanding of the nature and terms of the contract."Weaver v. Carothers, supra. Taking the depositions and affidavits submitted on behalf of McAlister as true, we find that, in light of the scintilla rule, summary judgment for the Deatherages was inappropriate. We therefore reverse and remand as to them.
Defendants Ellis and Ronald Warren Realty Company make several arguments in support of the summary judgment as to them. Ellis contends initially that McAlister's post-trial motion to reconsider[1] was not sufficient to suspend the running of the time for filing a notice of appeal. To support this argument, Ellis cites the cases of Morris v. MerchantsNat. Bank of Mobile, 359 So.2d 371, 374 (Ala. 1978), andEx parte Dowling, 477 So.2d 400 (Ala. 1985).Morris states that a proper motion for reconsideration (one that asks the trial court to reconsider the evidence on which the judgment was based) will extend the time for filing a notice of appeal. In Morris, the Court ruled that the motion to reconsider was not proper, because an "[e]xamination of the post-trial pleadings reveals that in manner and form their purpose was either to file another amended complaint or to obtain the trial court's consent to file another amended complaint," not to reconsider the evidence previously before the court. Morris, supra, at 373-74.Dowling states that when a post-judgment motion is denied, the review of that denial is by appeal, not by a motion to reconsider. A motion to reconsider may be proper if a post-judgment motion has been granted and a new judgment entered. See Dowling, supra, at 404. Neither of these cases is applicable here, as we find that the motion to reconsider was proper in form and that the course followed by McAlister was *Page 390 
procedurally correct in that McAlister appealed from the denial of his motion to reconsider the granting of summary judgment for the defendants.
Ellis next contends that McAlister's brief does not clearly delineate the issues upon which review by this Court is to be based and that McAlister's brief fails to cite principal authorities of law supporting such issues and, further, that McAlister's brief fails to adequately state the precise relief sought. This Court has warned on several occasions that relief may be denied where the appellant has not complied with Rule 28 of the Alabama Rules of Appellate Procedure. This Court, inStover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251
(Ala. 1985), stated, at 253:
 "Appellants who fail to comply with A.R.App.P. 28(a) place themselves in a perilous position. While we attempt to avoid dismissing appeals or affirming judgments on what may be seen as technicalities, we are sometimes unable to address the merits of an appellant's claim when the appellant fails to articulate that claim and presents no authorities in support of that claim. Under appropriate circumstances we will refuse to consider the appeal."
The Court of Civil Appeals wrote in Thoman Engineers,Inc. v. McDonald, 57 Ala. App. 287, 328 So.2d 293 (1976):
 "The requisite statement of issues should be expressed tersely, with clarity and without ambiguity, and it must be informative in the sense that it provides to adverse parties in capsule form a fair basis for response and suggests to the appeals court an outline sketch of the relief available in the context of the existing scope and principles of review. Correspondingly, the argument of issues should be a complete expression of appellant's position regarding the stated issues. Formal inconsistency between the statement of issues and the argument of issues should not prevent us from reaching the merits of the argument unless the inconsistency is inexcusably pronounced, misleading, confusing, or otherwise prejudices an adverse party's ability to frame a response to the argument. The determination of these factors lies with the court to whom the brief is presented."
57 Ala. App. at 290, 328 So.2d at 294.
In the case before us, we believe that McAlister's brief adequately stated the issue on appeal so that it may be addressed by this Court and stated it in a way that provided the appellees a fair basis to respond to those issues.
Ellis's next two arguments pertain to the fraud counts alleged by McAlister: Initially, Ellis argues that counts two and three and the amendment to the complaint do not allege a cause of action against Ellis and Ronald Warren Realty Company sounding in fraud; second, he argues that McAlister, on the hearing on the motion for summary judgment, failed to overcome the defendants' prima facie showing that some elements essential to his case, and on which he would bear the burden of proof at trial, were missing.
Rule 9, Ala.R.Civ.P., provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." However, we have held:
 "Rule 9(b), ARCP, provides that when fraud is alleged the circumstances constituting the fraud shall be stated with particularity. This does not require every element to be stated with particularity, but the pleader must use more than generalized or conclusionary statements setting out the fraud. The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained. See Committee Comments to Rule 9(b), ARCP. Rubens v. Ellis, 202 F.2d 415 (5th Cir. 1953)."
Robinson v. Allstate Ins. Co., 399 So.2d 288, 289-90
(Ala. 1981).
We need not address the issue of pleading here, for even if McAlister did plead with particularity, his appeal must fail as to Ellis and Ronald Warren Realty Company. *Page 391 
 "The essential elements of a fraud claim, as required under the provisions of § 6-5-101, Code 1975, are: (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) acted upon by the opposite party; and (4) reliance by the complaining party which was justifiable under the circumstances."
Bowman v. McElrath Poultry Co., 468 So.2d 879, 880
(Ala. 1985).
Upon a close review of the affidavits and depositions submitted to the trial court, we hold that there is no genuine issue of material fact; thus, the trial court did not err in granting the defendant's motion for summary judgment.
No proof was offered that McAlister, when he procured the loan to make the down payment, relied on statements made by Ellis and Ronald Warren Realty Company. Therefore, the summary judgment was proper as to defendants Ellis and Ronald Warren Realty Company, and as to them it is hereby affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
[1] Although the Alabama Rules of Civil Procedure do not talk of "motion[s] to reconsider," this Court has consistently treated them as 59(e) motions "to alter, amend, or vacate the judgment" when such motions have been made pursuant to the guidelines for post-trial motions as set out in Rule 59.